**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(PALM BEACH DIVISION)**

ILENE H. RICHMAN                                  CASE NO.

      Plaintiff,                                 State Court Case No.: 2021-CA-003647

v.

WELLS FARGO AUTO ET. AL.

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant, Wells Fargo Auto, a division of Wells Fargo Bank, N.A. f/k/a Wells Fargo Dealer Services ("Wells Fargo"), named in the Complaint as Wells Fargo Auto, hereby removes the above-captioned action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, styled and numbered *Ilene Richman v. Wells Fargo Auto, Board of Directors Wells Fargo Company, Charles W. Scharf,* Case No. 2021-CA-003647, to the United States District Court for the Southern District of Florida.   As set forth below, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1446 and §1331.   Removal is based on federal question jurisdiction.   Wells Fargo denies the allegations contained in the Complaint and files this Notice of Removal without waiving any defenses, exceptions or obligations that may exist in its favor in state or federal court.   In support of its Notice of Removal, Wells Fargo states the following:

## STATEMENT OF COMMENCEMENT OF THE ACTION

On March 19, 2021, Plaintiff Ilene Richman ("Plaintiff"), representing herself, commenced this action (the "State Court Action") against Wells Fargo by filing her complaint with the Clerk of the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the

"State Court").   The State Court Action is assigned Case No. 2021-CA-03647.   Wells Fargo was served with the Complaint on March 29, 2021.   Wells Fargo has not yet responded to the Complaint.

Plaintiff's Complaint is based upon allegations concerning the servicing of a loan, issues related to Plaintiff's efforts to obtain a modification of her loan and the repossession of her vehicle after she was unable to make her regularly scheduled payments. *See* generally Compl.   Plaintiff alleges that she had a vehicle loan with Wells Fargo and her vehicle was repossessed by Wells Fargo after she fell behind on her payments. Compl. at pg. 10.   The Complaint alleges causes of action for wrongful repossession, fraudulent concealment, violation of the Fair Debt Collection Practices Act, violation of the Financial Crimes Against the Elderly Act and Violation of the Fourth Amendment of the Constitution. *See* Compl. at pg. 16.

## TIMELINESS OF REMOVAL

A litigant's notice of removal generally must be filed within thirty days after receiving the initial pleading or service of summons in the state court action. 28 U.S.C. §1446(b).   Plaintiff served the Complaint on Wells Fargo on March 29, 2021.   Thus, the deadline to remove this case is April 28 2021.   Removal is timely as thirty days have not elapsed since the service of the Complaint in the State Court Action.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

### I.      Removal is Proper Under 28 U.S.C. § 1331 (Federal Question Jurisdiction)

This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1331 as a result of the federal claims contained in the Complaint. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   Plaintiff has pled causes of action under the Fair Debt Collection Practices Act and Violation of the Fourth

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

Amendment of the Constitution. *See* Compl. at pg. 4.    Pursuant to 15 USCS § 1692k. "an action to enforce any liability created by this title (FDCPA) may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs."

The remainder of Plaintiff's claims arise from the same case and controversy as her federal claims, and, therefore, the Court should exercise its supplemental jurisdiction over those claims. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.    Plaintiff's state law claims for fraud, wrongful seizure and Financial Crimes against the Elderly Act all arise from the same auto loan and the same allegations related to the servicing of the loan that gave rise to Plaintiff's claims for alleged violations of the FDCPA and the Fourth Amendment of the Constitution. *See* Compl. generally. Thus, Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy, and as such fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. 1367(a); see also 28 U.S.C. 1441(c).

Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. See *Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)).    Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's claims arising under federal law, and arise from the same transaction or occurrence (i.e., the subject residential mortgage loan

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400

and the foreclosure thereof) as Plaintiff's federal claims. See id. (citing 28 U.S.C. 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in this action.

## **PREREQUISITES FOR REMOVAL HAVE BEEN MET**

Wells Fargo has satisfied the procedural requirements for removal.

1.   <u>Removal is Timely</u>. The Notice of Removal is timely filed under 28 U.S.C. § 1446 because Wells Fargo is filing the Notice of Removal within thirty days of being served with the Complaint.   Specifically, Wells Fargo was served with the Complaint on March 29, 2021.   Thus, Wells Fargo has up to and including April 28, 2021 to remove this case.

2.   <u>Removal to Proper Court</u>. This Court is the proper division because it embraces the Circuit Court of the Fifteenth Judicial Circuit, Palm Beach County, Florida, where the Plaintiff's action was filed. *See* 28 U.S.C. §§ 1441 and 1446. Accordingly, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).

3.   <u>Pleadings and Process</u>. Attached hereto as **Composite Exhibit "A"** are copies of all process, pleadings, and orders served upon Wels Fargo in the State Court Action, together with the Complaint and an on-line docket listing all State Court filings. *See* 28 U.S.C. § 1446(a).

4.   <u>Notice</u>. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the State Court Clerk. A copy of the State Court Notice of Filing of Notice of Removal, without its exhibits is attached hereto as part of **Composite Exhibit "A".**

5.   <u>Consent</u>. "All defendants who have been properly joined and served must join in or consent to the removal of the action." *Id*. 28 U.S.C. § 1446(a).§ 1446(b)(2)(A) (emphasis added). First, under information and belief, the only party that has been served at this time is Wells Fargo. A review of the state court docket reflects a verified return of service only as to Wells Fargo.

Further, in the situation where federal claims are filed against a subset of defendants, consent is only necessary from the defendants that face federal claims. 28 U.S.C. § 1441(c)(2).   Here, the federal claims have been pled against Wells Fargo.   Specifically, with respect to the Federal Debt Collection Practices Act, Plaintiff alleges that "Wells Fargo completely ignored this federal debt collection law…" Compl. at g. 16.   With respect to Plaintiff's cause of action for violation of the Fourth Amendment, Plaintiff submits that the Fourth Amendment guarantees the rights of people to be secure in their homes against all unreasonable searches and seizures. Compl. at page 17. The allegations related to the seizure of Plaintiff's vehicle are pled against Wells Fargo. Compl. at pg. 10.   Regardless, under information and belief, the remaining defendants will not oppose removal.

6.     <u>Signature</u>. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

7.     This Notice of Removal does not waive any objections Wells Fargo may have regarding defects in process or service of process, jurisdiction, venue or any other defense.

8.     Wells Fargo expressly reserves the right to state additional grounds for removal and to provide such additional evidence as may be required to support the grounds asserted in this Notice of Removal.

9.     If questions arise as to the propriety of the removal of this action, Wells Fargo respectfully requests the opportunity to file a brief or further evidence, and to make an oral argument in support of removal.

WHEREFORE, Defendant, Wells Fargo Auto, a division of Wells Fargo Bank, N.A. f/k/a Wells Fargo Dealer Services, incorrectly named in the Complaint and Wells Fargo, removes this action from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County,

Florida to the United States District Court for the Southern District of Florida, Palm Beach Division.

/s/ *James R. Liebler, II*
JAMES R. LIEBLER II
Florida Bar No. 115348
Email: jrlii@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Wells Fargo, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>April 28, 2021</u>, I caused a copy of this document to be served through the Court's CM/ECF filing system and via certified mail on the following recipient:

Ilene H. Richman
36000 Portofino Circle, #101
Palm Beach Gardens, FL 33418
*Certified Mail Tracking No.: 7014-3490-0001-1141-9076*

/s/ *James R. Liebler, II*
JAMES R. LIEBLER, II